UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MAURICE BROWN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|   v. | )   Case No. 2:15-cv-00361-JVB-JEM |
| | ) |
| INDIANA BUREAU OF MOTOR VEHICLES, IBMV, | ) ) |
| | ) |
|     Defendant. | ) |

### MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant, Indiana Bureau of Motor Vehicles ("BMV"), by counsel, respectfully submits this Memorandum in Support of its Motion to Dismiss.

## I. INTRODUCTION

Plaintiff has brought this suit against the BMV, a state agency, by way of a "petition for redress of grievance," which complains that defendants acted to suspend Brown's driving privileges, against the constitution because of 3-wrongs namely: 1) acted while knowing Brown was not convicted of a DUI; 2) acted without a fair hearing; and 3) acted under discrimination; against mentally & physically disabled people.  *See* Dkt. No. 1, p. 1.

Plaintiff's complaint must be dismissed because it complains of an administrative decision and an administrative request for material error review to which the agency has yet to make a final determination.  *See* Dkt. No. 1, p. 2, ¶ 12.  Plaintiff's petition also fails to sufficiently allege the deprivation of a constitutional right, and therefore there is no federal question to be addressed.  Thus, accepting every allegation as true, the Complaint fails to state a claim upon which relief may be granted and this Court lacks subject matter jurisdiction, and

therefore the Complaint should be dismissed pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure.

## II.     STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defense to a pleading for "failure to state a claim upon which relief can be granted."  To state a claim for relief, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  "The 'short and plain statement' must be enough "to give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) and noting that the Supreme Court in *Twombly*, 127 S. Ct. at 1969, retired the common formulation that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.").  "In addition, a plaintiff can plead himself out of court by alleging facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008) (citing *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006)).

For purposes of a motion to dismiss under 12(b)(6), the court accepts the complaint's factual allegations as true and tests the legal sufficiency of the complaint. *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d. 672, 675 (7th Cir. 2001).  The court views facts as well as any inferences reasonably drawn in the light most favorable to the non-moving party. *Mosley v. Klincar*, 947 F.2d 1338, 1339 (7th Cir. 1991).  When dismissing a complaint for failure to state a claim, the court may not look to materials beyond the pleading itself. *Alioto v. Marshall Field's & Co.,* 77 F3d. 934, 936 (7th Cir. 1996).  "[T]he factual allegations in the complaint 'must be

enough to raise a right to relief above the speculative level.'" *Killingsworth*, 507 F.3d at 618 (quoting *Twombly*, 127 S. Ct. at 1965) (other citations omitted). "Although this does 'not require heightened fact pleading of specifics,' it does require the complaint to contain 'enough facts to state a claim to relief that is plausible on its face.'" *Killingsworth*, 507 F.3d at 618 (quoting *Twombly*, 127 S. Ct. at 1974) (other citations omitted).

Rule 12(b)(1) requires dismissal if the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The court accepts the well-pleaded allegations from the complaint as true and draws all reasonable inferences in the plaintiff's favor. *Estate of Eiteljorg ex rel. Eiteljorg v. Eiteljorg*, 813 F. Supp. 2d 1069, 1073-74 (S.D. Ind. 2011) (citing *Franzoni v. Hartmarx Corp.*, 300 F.3d 767, 771 (7th Cir. 2002), for Rule 12(b)(1) standard). "When considering a motion to dismiss under Rule 12(b)(1), the district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Eiteljorg*, *supra*, 813 F. Supp. 2d at 1074 (quoting *Capitol Leasing Co., v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993)).

### III.   ARGUMENT

On September 21, 2015, Plaintiff Maurice Brown filed his petition for redress of grievance regarding his suspension of driving privileges. Plaintiff's complaint complains of an administrative decision and an administrative request for material error review to which the agency has yet to make a final determination. Plaintiff admits he has sought material error review with the Indiana Bureau of Motor Vehicles regarding the suspension at issue. Plaintiff's petition p. 2, ¶ 12. As a result, Plaintiff's petition is an attempt to bypass a lawful agency decision and the administrative remedies available, and convert an administrative review of an agency action into a federal constitutional claim, all while his request for material error review

3

remains pending. As such, he fails to sufficiently allege the deprivation of a constitutional right, and therefore there is no federal question to be addressed.

### A. Defendant has Eleventh Amendment immunity from suit.

Plaintiff's purported constitutional claim must also be dismissed because the Defendant has sovereign immunity. The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI; *Indiana Prot. & Advocacy Services v. Indiana Family & Soc. Services Admin.*, 603 F.3d 365, 370 (7th Cir. 2010) *cert. denied*, 131 S. Ct. 2149, 179 L. Ed. 2d 952 (2011). While the language of the Amendment does not explicitly bar suits against a State by its own citizens, the United States Supreme Court has consistently determined that an unconsenting State is immune from suits brought in federal courts by its own citizens, as well as by citizens of another state. *Id.* (citing *Edelman v. Jordan,* 415 U.S. 651, 662-663 (1974)). If properly raised, the amendment bars actions in federal court against a state, state agencies, or state officials acting in their official capacities. This immunity applies here to the BMV as a state agency and bars federal jurisdiction over suits brought by a private citizen. *See Garcia v. City of Chicago,* 24 F.3d 966, 968 (7th Cir. 1994)("The Eleventh Amendment prohibits federal courts from deciding suits brought by private litigants against states or their agencies, and that prohibition extends to state officials acting in their official capacity.").

### B. Plaintiff's claims are not ripe for adjudication.

Plaintiff alleges he has sought material error review with the Indiana Bureau of Motor Vehicles regarding the suspension at issue. Plaintiff's petition p. 2, ¶ 12. Under Article III of the United States Constitution, the judicial power of the United States extends only to actual cases

and controversies. Not only does Plaintiff's petition fail to sufficiently allege the deprivation of a constitutional right, but it is not ripe due to the administrative review of his suspension which is currently pending. As such, any purported claim Plaintiff makes is insufficient to establish Article III standing--which is a constitutional prerequisite to invoke federal court jurisdiction. Therefore, the Court should dismiss the Complaint for lack of standing as there is no case or controversy before the Court. *See MainStreet Organization of Realtors v. Calumet City, Ill.*, 505 F.3d 742, 747 (7th Cir. 2007) (noting that "if there is no Article III standing, the court is obliged to dismiss the suit even if the standing issue has not been raised . . . .").

## IV.    CONCLUSION

Petitioner fails to state a claim upon which relief may be granted. The petition must be dismissed because it complains of an administrative decision and an administrative request for material error review to which the agency has yet to make a final determination. Plaintiff's allegations demonstrate on the face that there is an insuperable bar to relief, and he fails to sufficiently allege a deprivation of a constitutional right. It is well established that states and state agencies are entitled to Eleventh Amendment sovereign immunity. The Defendant has not waived that immunity. In addition, Plaintiff lacks Article III standing to bring his lawsuit. Accordingly, taking every allegation in the Complaint as true, it fails to state a claim for relief and this Court lacks subject matter jurisdiction and therefore, this Complaint should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12 (b)(6) and 12 (b)(1).

                              Respectfully submitted,

                              GREGORY F. ZOELLER
                              Indiana Attorney General
                              Attorney No. 1958-98

       By: */s/ Philip A. Gordon*
          Philip A. Gordon
          Deputy Attorney General
          Atty. No.: 31321-49
          Indiana Government Center South, 5th Fl.
          302 West Washington Street
          Indianapolis, IN 46204-2770
          Phone: (317) 232-6217
          Fax: (317) 232-7979
          E-Mail Philip.Gordon@atg.in.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2015, a copy of the foregoing *Memorandum in Support of Defendant's Motion to Dismiss Plaintiff's Complaint* was filed electronically using the Court's CM/ECF system.  Parties may access this filing using the Court's system.

I also certify that a copy was mailed, by first class U.S. Mail, postage prepaid and properly addressed to the following non-CM/ECF participant:

Maurice Brown
7338 Calumet Avenue
Hammond, IN 46324
*Pro Se Plaintiff*

/s/ *Philip A. Gordon*
Philip A. Gordon
Deputy Attorney General

Office of Attorney General
Indiana Government Center South – 5th Floor
302 West Washington Street
Indianapolis, IN  46204-2770
Telephone:      (317) 232-6217
Fax:               (317) 232-7979
Email: Philip.Gordon@atg.in.gov